IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS BENJAMIN LOPEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:22-cv-00883-X (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, et al., | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner Luis Benjamin Lopez, a Texas prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. The District Court referred the matter to the undersigned United States Magistrate Judge. For the following reasons, the District Court should DISMISS his petition.

I.

Lopez initiated this action by filing the form for a prisoner civil rights lawsuit (ECF No. 3) and submitting numerous documents from a state DWI case. He named as defendants the State of Texas; Felicia Pietre, District Clerk; and Andrew Chatham, a court-appointed attorney; and he sought an injunction to "over turn" his six-year term of probation, to quash the enhancement, compensation for pain and suffering, punitive damages, and a "grand jury trial." The Court construed this initial filing as a petition for a writ of habeas corpus under § 2254. (ECF No. 5.) *See* 28 U.S.C. § 2254(b)(1) (the statute refers to "[a]n application for a writ of habeas corpus on behalf of a

person in custody pursuant to the judgment of a State court[.]"). Because the Court recharacterized Lopez's initial *pro se* filing, it provided him with the appropriate warnings under *Castro v. United States*, 540 U.S. 375 (2003). *See Hopes v. Davis*, 761 F. App'x 307, 309 n.1 (5th Cir. 2019) ("Most court of appeals that have considered the question have concluded *Castro's* logic regarding § 2255 motions extends to habeas petitions under § 2254."). The Court gave Lopez an opportunity to either withdraw or amend his petition using the standard § 2254 form so that it included all the claims he wished to pursue with respect to his state conviction and/or sentence.

Thereafter, Lopez filed an amended petition containing one ground for relief. (ECF No. 7.) Because the petition included only minimal facts in support of his claim, the Court issued an Order and Notice of Deficiency, directing Lopez to file a second amended petition with factually supported claims. The Court warned Lopez that if he failed to provide specific, substantive facts with respect to each claim, his claims may be dismissed.

Lopez subsequently filed a second amended petition. (ECF No. 11.) But his petition again lacked the requisite facts to support each claim. Accordingly, the Court issued a second Order and Notice of Deficiency (ECF No. 15) again warning Lopez that his claims were factually insufficient. Lopez later filed his third amended petition (ECF No. 18) raising one general habeas claim and one general civil claim, but again failing to include any supporting facts.

2

II.

Under Rule 4 of the Rules Governing Section 2254 Cases, a court should conduct a preliminary review of a petition to determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Section 2254 Cases (2254 Rules). To avoid summary dismissal, a petition must contain factual allegations pointing to a "real possibility of constitutional error." *Id.* at Rule 4, advisory committee note (quoting *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). Under Rule 4, a court reviews the pleadings and exhibits before it to determine whether any right to relief is implicated. If not, the court must dismiss the petition.

III.

Lopez appears to struggle with the English language, and his third amended petition—the operative petition—is difficult to follow. As best the Court understands his petition, he seems to be arguing that his attorney, Andrew Chatham, provided ineffective assistance of counsel. For example, Lopez states, "claim further consideration of the ineffective-assistance-of-counsel. Violation of the statuets [sic] of limitation, forged my signature on a court of plea, deliberante [sic] indifference." 3d Am. Pet. 6 (ECF No. 18). He further states that Chatham was removed from practicing law in Texas for three years. *Id.*

To succeed on a claim of ineffective assistance of counsel, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance. *Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address the question of counsel's performance. *Id.* at 697. Merely presenting "conclusory allegations" of deficient performance or prejudice is insufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

The Court issued two Orders and Notices of Deficiency in this case. (ECF Nos. 9, 15.) In each, the Court advised Lopez that his claims were legally

4

insufficient because they lacked the necessary facts to support his claims. In total, Lopez filed four petitions, and each of those petitions is legally insufficient because it is not factually supported. *See* (ECF Nos. 3, 7, 11, 18). The operative petition, Lopez's third amended petition, has been liberally construed, but it consists of bare bones phrases and statements. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*pro se* pleadings are "to be liberally construed."). In addition, Lopez has not stated coherent, logical thoughts that can be followed. Thus, Lopez has failed to demonstrate that his attorney, Chatham, acted deficiently, or that he suffered prejudice therefrom. *See Strickland*, 466 U.S. at 688. Lopez fails to state a claim for ineffective assistance of counsel under *Strickland*, and this case should be dismissed.

IV.

Lopez includes other claims that suggest he intends to bring a civil rights action under 42 U.S.C. § 1983. Specifically, he argues that the Irving Police Department acted in an "abuse of power, manipulated documents. Assaulate [sic] by Police to My person while inrestraits [sic] breaking my jaw also no medical attention." 3d Am. Pet. 6 (ECF No. 18).

"[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Hilliard v. Bd. Of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (quoting *Irving v. Thigpen*, 732 F.2d 1215, 1216 (5th Cir.

1984)). When a favorable determination of the prisoner's claims would not automatically entitle him to accelerated release, the suit should be analyzed as a civil rights claim. *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995). Here, Lopez's civil rights claims will be severed from his § 2254 habeas action.

V.

The Court recommends that Lopez's petition be DISMISSED.

Additionally, the Court SEVERS Lopez's civil claims from this habeas action filed under § 2254 and directs the Clerk of Court to open a new civil rights case (nature of suit 550) for the now-severed claims and file a copy of this order in that case. The new case should be assigned to the same District Judge and Magistrate Judge as this habeas case. Finally, all future pleadings related to the severed civil rights matter should be filed in the new case.

**SO RECOMMENDED.**

Signed October 24, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).*