IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LUIS BENJAMIN LOPEZ,　§<br>　　Petitioner,　　　　　§<br>　　　　　　　　　　　　§<br>v.　　　　　　　　　　 §　No. 3:22-cv-00883-X (BT)<br>　　　　　　　　　　　　§<br>THE STATE OF TEXAS, et al., §<br>　　Respondents.　　　　§ | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Luis Benjamin Lopez's letter motion under Rule 60(b). (ECF No. 27.) For the reasons stated, the Court should GRANT Lopez's motion and reopen this case.

I.

Lopez initiated this action by filing a prisoner civil rights complaint on the court-approved form and a motion for leave to proceed *in forma pauperis*. At the time, he was incarcerated at the TDCJ East Texas Treatment Facility in Henderson, Texas. (ECF No. 3.) Thereafter, the Court construed Lopez's civil rights complaint as a petition for writ of habeas corpus under 28 U.S.C. § 2254 and provided him with the warnings under *Castro v. United States*, 540 U.S. 375 (2003). (ECF No. 5.) The Court instructed Lopez to either withdraw his petition or amend it to include all the claims he wished to raise with respect to his state conviction and/or sentence. Lopez responded by filing several amended

1

petitions (ECF Nos. 7, 11, 18). On October 24, 2022, the undersigned United States magistrate judge issued findings and conclusions, recommending the Court dismiss Lopez's petition because he failed to state a claim for ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 688 (1984). FCR (ECF No. 21) ("In total, Lopez filed four petitions, and each of those petitions is legally insufficient because it is not factually supported. The operative petition, Lopez's third amended petition, has been liberally construed, but it consists of bare bones phrases and statements. In addition, Lopez has not stated coherent, logical thoughts that can be followed. Thus, Lopez has failed to demonstrate that his attorney, Chatham, acted deficiently, or that he suffered prejudice therefrom.") (cleaned up). On November 8, the Court received the magistrate judge's findings and conclusions marked "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." (ECF No. 22.)

On February 16, 2023, the Court accepted the magistrate judge's findings and recommendation, denied a certificate of appealability (COA), and entered judgment. Ord. (ECF No. 23); J. (ECF No. 24). Then, on February 28, the order of acceptance was returned to the Court marked "RETURN TO SENDER, NOT DELIVERABLE AS ADDRESSED, UNABLE TO FORWARD." (ECF No. 25.) On April 20, the judgment was similarly returned to the Court. (ECF No. 26.)

2

On July 29, Lopez filed his letter motion, in which he states that he is "writing to notify [the undersigned] of the reazon [sic] why [he] [has] not answered. [He] was very sick and had brain surgery[.]" Further, Lopez states that he "need[s] to keep the case active[.]" (ECF No. 27 at 1.) The Court construes Lopez's letter motion as a Rule 60(b) motion. *See Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (providing that when a party files his motion within twenty-eight days after the entry of judgment, a court evaluates the motion under Rule 59, but when the party files it beyond that time period, a court analyzes the motion under Rule 60).

## II.

Under Rule 60(b), a court may relieve a party from a final judgment or order for the following reasons:

(1)  mistake, inadvertence, surprise, or excusable neglect;

(2)  newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3)  fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4)  the judgment is void;

(5)  the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

3

In his letter motion, Lopez explains that the reason he failed to respond to documents from the Court was because he has been very sick. And he provides medical records that substantiate this claim. These records state that Lopez has been suffering from multiple medical conditions, including a stroke and left side paralysis, and that, as of July 5, 2023, Lopez was "not medically stabilized." (ECF No. 27-1 at 1.) It is also apparent from Lopez's submissions in support of his motion and other entries on the docket that Lopez was in and out of different treatment centers after he was released from prison. (ECF Nos. 19, 20, 28.)

Due to his medical condition, Lopez had to move several times for treatment, and he did not receive the magistrate judge's findings and conclusions. Although Lopez attempted to keep the Court apprised of his current address, the Court mail did not reach him, and he was precluded from responding to the magistrate judge's findings and conclusions. For this reason, the subsequent dismissal of Lopez's case was the result of a "mistake," and he is entitled to relief under Rule 60(b)(1).

### Recommendation

The Court should GRANT Lopez's Rule 60(b) motion (ECF No. 27) and reopen this case.

**SO RECOMMENDED**.

September 11, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).