IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LUIS BENJAMIN LOPEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:22-cv-00883-X (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, et al.. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* petitioner Luis Benjamin Lopez challenges two state convictions for driving while intoxicated, third or more, for which he received six years of community supervision. Because Lopez failed to exhaust his claims in state court before presenting them here, the Court should dismiss his habeas petition without prejudice under Rule 4 of the Rules Governing 28 U.S.C. § 2254 proceedings (Habeas Rule 4).

## Background

Lopez pleaded guilty in Dallas County to two counts of driving while intoxicated third or more and, on December 10, 2019, he was sentenced to six years of community supervision. *See State of Texas v. Luis Benjamin Lopez*, F-19-34421-J; F-19-34728-J (Crim. Dist. Crt. #3, Dallas Cnty., Dec. 10, 2019); Details (dallascounty.org) (search for Lopez's case numbers; last visited on May 20, 2024). Although Lopez claims that he directly appealed the 2019 judgments and that the

appeal is "pending," he provides no information about the appeal, and public records show that he did not file a direct appeal or a petition for discretionary review with the Texas Court of Criminal Appeals (CCA). Case Detail (txcourts.gov) (search for all appeals filed related to cases F-1934421-J, F-19-34728-J; last visited May 20, 2024); *see also*, *e.g.*, ECF No. 29 at 3 (responding "n.a." to questions about direct appeal). Public records show that Lopez did move for leave to file an original application for a writ of habeas with the CCA, but, on September 8, 2021, the CCA denied his motion. SearchMedia.aspx (txcourts.gov) (search for writ applications and other filings to the CCA in cases F-1934421-J, F-19-34728-J; last visited May 20, 2024).

In April 2022, Lopez filed a document that this Court construed as a petition for a writ of habeas corpus under § 2254 challenging the 2019 judgments. ECF Nos. 3, 5. Following various orders and notices of deficiencies—and at times without judicial prompting—Lopez filed four amended habeas petitions.[1] *See*, *e.g.*, ECF Nos. 7, 11, 18, 29. And, most recently, Lopez filed a document in which he appears to seek habeas relief under Article 11.072 of the Texas Code of Criminal Procedure. *See* ECF No. 39 at 20. But, as explained below, Lopez failed to seek that relief in a procedurally correct manner from the state court before seeking federal habeas relief. Thus, his federal habeas application should be dismissed without prejudice.

---

[1] Lopez also asserted non-habeas civil rights claims that were severed into a separate action, which was ultimately dismissed for failure to prosecute. *See Lopez v. The State of Texas*, 3:22-cv-2380-X-BT (N.D. Tex.).

**Legal Standards and Analysis**

Under Habeas Rule 4, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (citations omitted).

"[S]tate courts play the leading role in assessing challenges to state sentences based on federal law." *Shinn v. Kayer*, 592 U.S. 111, 124 (2020) (per curiam). A state prisoner must therefore fully exhaust state remedies before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A). This requires the petitioner to submit the factual and legal basis of any claim to the highest available state court for review in a procedurally correct manner. *See Satterwhite v. Lynaugh*, 886 F.2d 90, 92-93 (5th Cir. 1989). Texas prisoners must present their claims to the CCA in a petition for discretionary review or an application for state post-conviction relief. *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986).

There is no sign that Lopez properly raised any of his claims to the CCA before presenting them to this Court. Although he gives conflicting information about whether he filed a direct appeal or petition for discretionary review with the

CCA,[2] public records show that he did not file a direct appeal or petition for discretionary review. *See* Case Detail (txcourts.gov) (search for all appeals filed related to cases F-1934421-J, F-19-34728-J; last visited May 20, 2024)

Nor is there any indication that he filed a state habeas application in a procedurally correct manner. Indeed, for Lopez, who is seeking relief from an order of community supervision, the procedure for applying for a writ of habeas corpus is governed by Article 11.072—not Article 11.07—of the Texas Code of Criminal Procedure. *See* TEX. CRIM. PROC. CODE ART. 11.072 § 1 ("This article establishes the procedures for an application for a writ of habeas corpus in a felony or misdemeanor case in which the applicant seeks relief from an order or a judgment of conviction ordering community supervision."); *see also State v. Guerrero,* 400 S.W.3d 576, 582-83 (Tex. Crim. App. 2013); *Ex Parte Villanueva,* 252 S.W.3d 391, 395-97 (Tex. Crim. App. 2008). The application under Article 11.072 must be filed with the clerk of the court in which community supervision was imposed and may challenge either "the conviction for which or order in which community supervision was imposed" or "the conditions of community supervision." TEX. CRIM. PROC. CODE ART. 11.072 § 2. Among other limitations, the article provides that an application "may not be filed . . . if the applicant could obtain the requested relief by means of an appeal under Article 44.02 [of the Texas Code of Criminal Procedure] and Rule 25.2, Texas Rules of Appellate Procedure." *Id.* § 3(a). If an

---

[2] For example, in his most recent amended petition, he claims that he did not file a petition for discretionary review but later provides a date that a petition was filed.

4

application under Article 11.072 is denied, appeal is available through Article 44.02 and Texas Rule of Appellate Procedure 31. *Id.* at § 8; *see also Garcia v. Goethals,* 2004 WL 212553, at *2 (N.D. Tex. Jan. 5, 2004) (noting that, if the district court denies the Article 11.072 petition, the habeas petitioner has a right to appeal to the Texas appellate courts and to petition the CCA for discretionary review).

Here, Lopez has not shown that he presented a habeas application under Article 11.072 to the CCA in a procedurally correct manner. It appears that he moved for leave to file a habeas application—whether under Article 11.072 or 11.07 is unclear—directly with the CCA, which denied his motion and therefore did not consider his claims. SearchMedia.aspx (txcourts.gov) (search for writ applications and other filings to the CCA in cases F-1934421-J, F-19-34728-J; last visited May 20, 2024).[3]

Because the CCA has not had an opportunity to consider in a procedurally correct manner the claims that Lopez now intends to raise in federal court, he failed to properly exhaust administrative remedies and his federal habeas application should be dismissed without prejudice under Habeas Rule 4. *See, e.g.,* *Sam v. Louisiana,* 409 F. App'x 758, 763 (5th Cir. 2011) (per curiam) ("A federal district court may not adjudicate a habeas petition unless all claims in the petition are exhausted.") (citing *Rhines v. Weber,* 544 U.S. 269, 274 (2005)).

---

[3] Some of the pages in Lopez's most recent filing—ECF No. 39 at 58-61—indicate that, in October 2021, he filed or attempted to file an application for habeas relief in the state trial court under Article 11.07. But, as explained, Article 11.07 is not the correct vehicle to challenge a judgment of community supervision.

## Recommendation

The Court should dismiss Lopez's federal habeas application under Rule 4 of the Rules Governing Section 2254 Cases without prejudice to his right to exhaust available state remedies. And the Court should direct the Clerk of Court to serve any order accepting or adopting this recommendation on the Texas Attorney General. The Clerk shall electronically serve a copy of this recommendation and each of Lopez's petitions (ECF Nos. 3, 7, 11, 18, 29, 39) on the Texas Attorney General as counsel for Respondent, directed to the attention of Edward R. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* RULE 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

SO RECOMMENDED

DATED June 6, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.